IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHELLY SHAW,

    Plaintiff,

v.   Civ. No. 14-1078 SCY/KBM

MORGAN GRANVIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Surreply (ECF No. 44) to Defendant's Motion for Summary Judgment. Defendant opposes the motion. ECF No. 48. The Court, having reviewed the motion, the parties' briefing, the relevant law, and otherwise being fully advised, concludes that the motion is well-taken and shall be **granted** as set forth more fully below.

**I.   Background**

Defendant moved for summary judgment in this matter on November 13, 2015. ECF No. 29. Plaintiff filed her response to Defendant's motion on November 30, 2015 (ECF No. 33), and Defendant filed a reply brief on December 17, 2015 (ECF No. 37). Of significance here, Defendant's reply brief included (1) arguments based on a recent decision by the United States Supreme Court, *Kingsley v. Hendrickson*, 135 S. Ct 2466 (2015), and (2) an affidavit from Assistant Warden Jesus Heredia, dated December 16, 2015. ECF No. 37-2. Defendant acknowledged in his reply brief that his summary judgment motion and Plaintiff's response brief did not apply the legal standard set forth in *Kingsley* or cite to this recent decision in support of their respective arguments. *See* Def.'s Reply Br. at 7. Defendant proceeded to ask the Court to

apply the legal standard set forth in *Kingsley* for excessive force claims brought by pretrial detainees in ruling on his motion for summary judgment. *Id.* at 9.

Plaintiff now seeks leave from the Court to file a surreply to Defendant's reply brief on the basis that Defendant raised new legal arguments and factual evidence in his reply brief. ECF No. 44 (hereinafter "Mot."). Specifically, Plaintiff argues that she is entitled to file a surreply in order to respond to Defendant's arguments based on *Kingsley* and to address Mr. Heredia's affidavit. *See id.* Because Mr. Heredia was not previously disclosed as a potential defense witness, Plaintiff also asks that the Court re-open discovery so that she may depose Mr. Heredia and issue a subpoena for documents relied upon by Mr. Heredia in his affidavit. *Id.*

Shortly after Plaintiff filed her motion seeking leave to file a surreply, Defendant filed a notice with the Court withdrawing Mr. Heredia's affidavit and replacing it with the affidavit of Warden Joe Chavez, who was previously disclosed as a possible defense witness. ECF No. 45. Defendant represented that he initially obtained an affidavit from Mr. Heredia because Warden Chavez was not available. *Id.* In addition, Defendant responded to Plaintiff's motion, indicating that while he does not oppose Plaintiff being given an opportunity to address Defendant's arguments based on *Kingsley*, he opposes the re-opening of discovery because Mr. Chavez's affidavit allegedly does not present new information. *Id.* at 2.

**II.     Analysis**

Rule 56 of the Federal Rules of Civil Procedure "requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). "Thus, when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond." *Id.*; *see also* 11

Moore's Federal Practice § 56.84 (Matthew Bender 3d ed.) (noting that "a party generally will be permitted to file a sur-reply only when it otherwise would be unable to contest matters presented to the court for the first time in the opposing party's reply"). The Tenth Circuit Court of Appeals has indicated that it is an abuse of discretion for a district court to rely on new evidence presented in a reply brief when granting summary judgment without giving the non-movant an opportunity to file a surreply. *See Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

In this case, the parties are in agreement that Plaintiff should be given an opportunity to file a surreply in order to address Defendant's new legal arguments based on *Kingsley*. The Court will therefore grant Plaintiff's request to file a surreply regarding the applicability of *Kingsley* to this case. The only remaining dispute between the parties concerns the affidavits submitted by Defendant and whether Plaintiff should be permitted to address these affidavits in her surreply. As an initial matter, the Court is not convinced by Plaintiff's contention that Defendant should not be permitted to withdraw Mr. Heredia's affidavit. *See* Pl.'s Reply Br. at 2 (ECF No. 49). Plaintiff offers no legal basis for the Court to prohibit Defendant from substituting Mr. Heredia's affidavit with Mr. Chavez's affidavit. The Court will permit the withdrawal of Mr. Heredia's affidavit. Because Mr. Heredia's affidavit is effectively no longer part of the summary judgment record, the Court finds that there is no reason to re-open discovery as requested by Plaintiff so that she may depose Mr. Heredia.

With regard to Mr. Chavez's affidavit, the Court determines that this is new material that Plaintiff must be given an opportunity to address in a surreply. The Court is not persuaded by Defendant's argument that a surreply is not necessary because Mr. Chavez's affidavit supports arguments already made by Defendant in his summary judgment motion. *See* Def.'s Resp. at 2

(ECF No. 48). As the Tenth Circuit has noted, the Court may not forbid the non-movant from filing a surreply to address new materials regardless of whether the movant's reply brief presents "new legal arguments supported by new materials or "new material support[ing] legal arguments *already made*." *See Doebele*, 342 F.3d at 1139 n.13 (emphasis added).

The Court notes that Plaintiff makes a number of arguments in her reply brief challenging the admissibility of Mr. Chavez's affidavit. *See* Pl.'s Reply Br. at 2-5. The Court declines to address these arguments as they have no bearing on the Court's decision as to whether Plaintiff should be allowed to file a surreply. Rather, arguments regarding the admissibility of Mr. Chavez's affidavit are better suited for the Court's consideration in ruling upon Defendant's motion for summary judgment. Plaintiff may renew any arguments regarding the admissibility of Mr. Chavez's affidavit in her surreply for the Court to consider in ruling on Defendant's summary judgment motion.

As a final matter, to the extent Plaintiff seeks to re-open discovery to address the contents of Mr. Chavez's affidavit, that request is denied. As noted by Defendant, Mr. Chavez was previously disclosed as a possible defense witness. Consequently, Plaintiff had an adequate opportunity during the discovery period to depose Mr. Chavez. While the Court will not re-open discovery, Plaintiff may challenge the admissibility and weight that should be afforded to the affidavit in her surreply.

### III. Conclusion

Based on the foregoing, Plaintiff's motion for leave to file a surreply (ECF No. 44) is **granted**. Plaintiff shall be permitted to file a surreply that addresses Defendant's arguments based on *Kingsley* and Warden Joe Chavez's affidavit.

The surreply shall not exceed ten (10) pages and must be filed no later than two weeks from the entry of this Order.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**