IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHELLY SHAW,

    Plaintiff,

v.                                                    Civ. No. 14-1078 SCY/KBM

MORGAN GRANVIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion in Limine Concerning Plaintiff's IPRA[1] Request, filed November 25, 2015. ECF No. 31. Defendant asks that the Court preclude Plaintiff from using any documents she obtained from an IPRA request to the Valencia County Clerk that was submitted after the close of discovery in this matter. The Court, having reviewed the motion, the parties' briefing, the relevant law, and otherwise being fully advised, concludes that the motion is not well-taken and shall be **denied**.

**I.    Relevant Factual Background**

The Court's scheduling order in this matter set a discovery deadline of August 10, 2015. ECF No. 11. On this date, the parties jointly moved for an extension of the discovery deadline because they had been unable to take depositions of the parties and other witnesses prior to the close of discovery. ECF No. 26. The Court granted the parties' motion and extended the discovery deadline for the purpose of completing these depositions.[2] ECF No. 27.

Defendant's deposition occurred on October 15, 2015. *See* ECF No. 28. During the deposition, Defendant was questioned regarding his use of pepper spray on inmates at the

---

[1] Inspection of Public Records Act (IPRA), NMSA 1978 §§ 14-2-1 to -12.
[2] The Court's order did not specify a date by which the depositions had to be completed. *See* ECF No. 27.

1

Valenica County Detention Center. *See* Granvil Dep. 20:3-18, October 15, 2015 (ECF No. 35-3). Defendant testified that he used pepper spray on inmates more than ten times during his nine years as a detention center employee and acknowledged that it was possible that he did so on more than fifty occasions. *Id.*; *see also id.* 75:13-24. He indicated that he had to fill out a "Use of Force" report after each of these incidents. *Id.* He stated that he was only able to use pepper spray during the four and a half years he was a supervisor at the detention center, and that during these years, he used pepper spray on inmates at least once a year. *Id.* at 21:1-15; 62:11-14. He also noted that there were instances in which he did not administer pepper spray, but was around when someone else administered it. *Id.* at 62:25-63:5.

Of relevance here, Defendant acknowledged during the deposition that his deposition testimony was different from his earlier response to an interrogatory concerning the use of pepper spray. *See* Granvil Dep. 76:1-77:25; 89:1-90:2. Plaintiff's Interrogatory No. 6 and Request for Production No. 1 asked:

> Q:  To the best of your recollection, please list all the occasions in the last three years you have had to resort to the use of pepper spray towards an inmate. On each such occasion please explain for each such occasion: (a) the date you used the pepper spray; and, (b) each and every reason you used the pepper spray. Please provide any and all documentation, including but not limited to incident reports related to these incidents.
>
> A:  Other than the incident involving the Plaintiff, Mr. Morgan does not recall using pepper spray within the last three years.

ECF No. 35-2.

In addition to questioning related to his use of pepper spray, Defendant was asked during his deposition about Plaintiff's intake at the detention center on November 8, 2012, the circumstances of which gave rise to this lawsuit. Defendant's earlier responses to interrogatories directed Plaintiff to review the incident report for the booking because he did not recall any

details related to the incident or his interaction with Plaintiff on that day beyond what was included in the incident report. *See* ECF No. 35-2. During his deposition, however, Defendant recalled additional details regarding Plaintiff's booking including, in particular, that three or four other individuals were being booked into the detention center during the same hour as Plaintiff. *See* Granvil Dep. 38:8-14. This was not previously mentioned in Defendant's interrogatory responses or in the incident report. ECF No. 35-4. Defendant acknowledged during his deposition that his earlier interrogatory responses were not complete or accurate with regard to his recollection of Plaintiff's intake. *See* Granvil Dep. 72:6-75:12.

On November 12, 2015, Plaintiff sent a written IPRA request to the Valenica County Clerk seeking information regarding: (1) booking sheets for all individuals booked into the detention center on November 8, 2012, between 1500 and 1540 hours; and (2) all reports from the detention center containing Defendant's name and the terms "OC spray," "pepper spray," and/or "mace" from 2009 to present. ECF No. 31-1. The IPRA request included a notation that a copy of the request was being mailed to defense counsel. *Id.* However, defense counsel did not receive the IPRA request because counsel's mailing address was incorrect on the request. *Id.*

Defendant now moves to exclude any information Plaintiff received through the IPRA request from being used in this lawsuit because the IPRA request was made after the close of discovery. ECF No. 31. Defendant did not ascertain Plaintiff's position prior to filing the motion, stating instead that it is "deemed opposed" due to the nature of the motion.[3] *Id.* Plaintiff has filed a response opposing the exclusion of information obtained from the IPRA request, arguing that Defendant's failure to supplement his interrogatory responses following his deposition prompted

[3] Local Rule 7.1(a) requires the movant to determine whether a motion is opposed prior to filing and further provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). While the Court acknowledges that some motions, by their very nature, will be opposed, there are no exceptions to Local Rule 7.1(a). Thus, even when an attorney expects that a motion will be unopposed, that attorney should seek opposing counsel's position prior to filing the motion.

Plaintiff to file the IPRA request seeking information that is relevant to this litigation. *See* ECF No. 35.

## II. Analysis

Federal Rule of Civil Procedure 26(e) requires a party to supplement or correct its response to an interrogatory or request for production upon learning that the response is materially incomplete or incorrect. *See* Fed.R.Civ.P. 26(e)(1). The supplementation must occur "in a timely manner." *See* Fed.R.Civ.P. 26(e)(1)(A). Rule 26(e) does not require amended interrogatories in all circumstances, but only when "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

In this case, the parties do not dispute that Defendant's deposition testimony was different from his earlier responses to interrogatories and requests for production. While Plaintiff became aware of some of the "additional or corrective information" as a result of Defendant's deposition testimony, Defendant did not recall during his deposition specific details concerning the other individuals who were booked into the detention center at the same time as Plaintiff or the other incidents involving his use of pepper spray as a supervisor at the detention center. Thus, while the deposition revealed some of the information sought by Plaintiff in the prior interrogatories and request for production, the deposition did not clear Defendant of his obligation to supplement his earlier responses under Rule 26(e). The Court finds that Defendant should have, but failed to supplement his earlier responses as required by Rule 26(e). *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1229 (10th Cir. 2001) (finding that plaintiff had a continuing duty to supplement incomplete information disclosed in interrogatories even after the close of discovery).

The Court disagrees with Defendant's contention that he was not required to initially provide, and later supplement, his interrogatory responses with the information Plaintiff obtained through the IPRA request because the information was not in his custody or control. Def. Reply Br. at 2 (ECF No. 42). While the relevant incident reports or other documents may not have been in Defendant's custody, Defendant should nevertheless have supplemented his earlier responses with information that he did recall regarding the other incidents involving the use of pepper spray. The Court notes that Defendant readily acknowledges that while the relevant information was not in his control, Plaintiff could have obtained the documents directly from Valencia County. *Id.*

This leaves the matter of the timing of Plaintiff's IPRA request—specifically, the fact that the IPRA request was made after the close of discovery. In the Court's view, Plaintiff had no reason to seek anything from Valencia County prior to the close of discovery because, during that time period, Plaintiff was relying upon Defendant's initial interrogatory responses in which Defendant stated that he did not recall any additional incidents involving the use of pepper spray. The Court extended the discovery deadline for the purpose of deposing the parties and will not now fault Plaintiff for seeking material information that only came to light as a result of Defendant's deposition. Defendant's reliance on *Lowe et al. v. State of New Mexico et. al*, Civ. No. 10-315 JCH/LFG, is misplaced. *Lowe* is distinguishable from the facts of this case as that case involved a situation where a party sought discovery while a stay of all discovery was in place. Unlike *Lowe*, a discovery stay has not been issued in this case and Defendant's failure to supplement his earlier interrogatory responses after the close of discovery prompted Plaintiff to file the IPRA request. Accordingly, the Court will not prevent Plaintiff from using the material obtained through the IPRA request in this lawsuit.

**III.    Conclusion**

Based on the foregoing, Defendant's motion in limine (ECF No. 31) is **DENIED**.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**