IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHELLY SHAW,

    Plaintiff,

v.                                                                             Civ. No. 14-1078 SCY/KBM

MORGAN GRANVIL,

    Defendant.

**PARTIAL FINAL JUDGMENT AND ORDER OF REMAND**

**THIS MATTER** is before the Court on Plaintiff Shelly Shaw's oral motion at the pretrial conference held yesterday, May 25, 2016, to remand the sole remaining claim in this civil action – battery under the New Mexico Torts Claims Act – to state court. For the reasons set forth below, the Court concludes that Plaintiff's oral motion is well-taken and shall be **granted**.

**I.**     **Background**

Plaintiff initiated this lawsuit in the Thirteenth Judicial District Court for the State of New Mexico. ECF No. 1-2. She raised two causes of action in her complaint: (1) a federal claim for excessive force in violation of the Fourth Amendment and (2) a state battery claim under the New Mexico Tort Claims Act (NMTCA). ECF No. 1-2. On November 26, 2014, Defendant removed the lawsuit to this Court on the basis of federal question jurisdiction. ECF No. 1. Subsequently, the case proceeded through the discovery process and on November 13, 2015, the parties filed motions for summary judgment as to both the federal and state law claims. ECF Nos. 29, 30. Briefing was initially completed on the summary judgment motions on December 21, 2015. ECF Nos. 38, 39. Plaintiff subsequently moved for leave to file a surreply to

1

Defendant's motion for summary judgment, which the Court granted on February 12, 2016. ECF No. 41. Plaintiff filed her surreply on February 26, 2016. ECF No. 53.

On May 23, 2016, the Court issued a memorandum opinion and order granting summary judgment in favor of Defendant Morgan Granvil on Plaintiff's sole federal claim: excessive force under the Fourth Amendment. ECF No. 81. The Court denied summary judgment as to Plaintiff's state law battery claim. *Id.* On May 25, 2016, the Court held a pretrial conference with counsel for both parties on the battery claim, which is set for trial commencing on June 6, 2016. ECF No. 24. During the pretrial conference, Plaintiff's counsel orally moved for remand of the battery claim to state court. Defendant opposes the motion.

## II. Analysis

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Because the Court has granted summary judgment in favor of Defendant on Plaintiff's sole federal claim and dismissed this claim with prejudice, there are no longer any claims in this lawsuit over which it has original jurisdiction. Thus, under Section 1367(c), the Court has the discretionary authority to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law battery claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (stating that "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary").

The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010); *see Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (stating that "[w]hen all federal claims have been

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed.) (indicating that "[a]s a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."); *see id.* n.72 (collecting cases where the federal court declined to exercise supplemental jurisdiction). Pursuant to Section 1367(c), the Court will grant Plaintiff's oral motion and decline to exercise supplemental jurisdiction over the state-law battery claim.

The Court recognizes that its decision to remand the state-law battery claim will delay the trial in this matter, which otherwise would have taken place in less than two weeks. Nonetheless, the fact that the trial is near is not enough to outweigh the other factors that the Court finds militate in favor of declining to exercise supplemental jurisdiction. As the Court pointed out in its memorandum opinion and order on the summary judgment motions, the good faith requirement and subjective element, if any, of the tort of battery is not clear under existing New Mexico law. *See* Memo Op. and Order at 21-25 (ECF No. 81). In fact, New Mexico has thus far declined to adopt a uniform jury instruction on civil battery. *See* UJI 13-1624 NMRA. ("The committee spent much time over a period of several months studying the matter of intentional torts. . . .It was finally concluded that there was insufficient New Mexico law on assault and battery to guide the committee on this subject. . . ."). Under these circumstances, it makes more sense for a New Mexico state court to resolve Plaintiff's battery claim and develop the law in this area. Federal courts should strive to avoid deciding issues of state law when, as here, it is possible to do so.

Remanding this case to state court also returns it to the forum that Plaintiff originally selected for her lawsuit. Moreover, the fact that Plaintiff's motion to remand comes so close to

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed.) (indicating that "[a]s a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."); *see id.* n.72 (collecting cases where the federal court declined to exercise supplemental jurisdiction). Pursuant to Section 1367(c), the Court will grant Plaintiff's oral motion and decline to exercise supplemental jurisdiction over the state-law battery claim.

The Court recognizes that its decision to remand the state-law battery claim will delay the trial in this matter, which otherwise would have taken place in less than two weeks. Nonetheless, the fact that the trial is near is not enough to outweigh the other factors that the Court finds militate in favor of declining to exercise supplemental jurisdiction. As the Court pointed out in its memorandum opinion and order on the summary judgment motions, the good faith requirement and subjective element, if any, of the tort of battery is not clear under existing New Mexico law. *See* Memo Op. and Order at 21-25 (ECF No. 81). In fact, New Mexico has thus far declined to adopt a uniform jury instruction on civil battery. *See* UJI 13-1624 NMRA. ("The committee spent much time over a period of several months studying the matter of intentional torts. . . .It was finally concluded that there was insufficient New Mexico law on assault and battery to guide the committee on this subject. . . ."). Under these circumstances, it makes more sense for a New Mexico state court to resolve Plaintiff's battery claim and develop the law in this area. Federal courts should strive to avoid deciding issues of state law when, as here, it is possible to do so.

Remanding this case to state court also returns it to the forum that Plaintiff originally selected for her lawsuit. Moreover, the fact that Plaintiff's motion to remand comes so close to

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed.) (indicating that "[a]s a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."); *see id.* n.72 (collecting cases where the federal court declined to exercise supplemental jurisdiction). Pursuant to Section 1367(c), the Court will grant Plaintiff's oral motion and decline to exercise supplemental jurisdiction over the state-law battery claim.

The Court recognizes that its decision to remand the state-law battery claim will delay the trial in this matter, which otherwise would have taken place in less than two weeks. Nonetheless, the fact that the trial is near is not enough to outweigh the other factors that the Court finds militate in favor of declining to exercise supplemental jurisdiction. As the Court pointed out in its memorandum opinion and order on the summary judgment motions, the good faith requirement and subjective element, if any, of the tort of battery is not clear under existing New Mexico law. *See* Memo Op. and Order at 21-25 (ECF No. 81). In fact, New Mexico has thus far declined to adopt a uniform jury instruction on civil battery. *See* UJI 13-1624 NMRA. ("The committee spent much time over a period of several months studying the matter of intentional torts. . . .It was finally concluded that there was insufficient New Mexico law on assault and battery to guide the committee on this subject. . . ."). Under these circumstances, it makes more sense for a New Mexico state court to resolve Plaintiff's battery claim and develop the law in this area. Federal courts should strive to avoid deciding issues of state law when, as here, it is possible to do so.

Remanding this case to state court also returns it to the forum that Plaintiff originally selected for her lawsuit. Moreover, the fact that Plaintiff's motion to remand comes so close to

the trial date is not due to any fault on the part of Plaintiff. The briefing on the summary judgment motions took longer than anticipated due to the parties' need to address the recently-decided United States Supreme Court case, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Defendant first addressed *Kingsley* in his reply brief to his motion for summary judgment; thereafter, Plaintiff moved for leave to file a surreply in order to address Defendant's arguments based on *Kingsley*. The Court granted the request, and Plaintiff's surreply was filed on February 26, 2016. The Court held a motions hearing on the summary judgment motions and orally ruled on these motions approximately three months later, on May 20, 2016. ECF No. 83. Thus, Plaintiff moved for remand within days of her first opportunity to do so.

Due to the dismissal of the federal excessive force claim before trial, the Court's careful consideration of the nature of the state claim at issue, and weighing principles of fairness and comity, the Court will remand the battery claim to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 n. 7 (1988) (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). Plaintiff's oral motion to remand is hereby **granted**.

### III. Conclusion

In accordance with Fed. R. Civ. P. 58(a) and consistent with the Memorandum Opinion and Order (ECF No. 81), the Court enters this Partial Final Judgment dismissing Plaintiff's excessive force claim under the Fourth Amendment (Count I) with prejudice. In addition, for the reasons set forth in this Order, Plaintiff's battery claim under the New Mexico Tort Claims Act (Count II) is remanded to the Thirteenth Judicial District Court for the State of New Mexico.

4

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**